938 A.2d 918

IN THE MATTER OF BINCY Y. ABRAHAM, AN ATTORNEY
AT LAW (ATTORNEY NO. 052021997).

December 6, 2007.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 07–072, concluding that **BINCY Y. ABRAHAM** of **MARLTON,** who was admitted to the bar of this State in 1998, should be suspended from the practice of law for a period of three

months for violating *RPC* 1.15(a)(failure to safeguard clients' funds), *RPC* 1.7(conflict of interest), *RPC* 5.4(c)(allowing third party to direct and regulate lawyer's professional judgment in rendering legal services to others), *RPC*. 8.4(c)(misrepresentation), and *Rule* 1:21–6 and *RPC* 1.15(d)(recordkeeping violations);

And the Disciplinary Review Board having further concluded that as conditions on her reinstatement to practice, respondent should be required to complete courses in Skills and Methods and law office management, submit quarterly trust account reconciliations, and be supervised in her practice for a period of two years;

And good cause appearing;

It is ORDERED that **BINCY Y. ABRAHAM** is suspended from the practice of law for a period of three months and until the further Order of the Court, effective January 4, 2008; and it is further

ORDERED that **BINCY Y. ABRAHAM** shall enroll in and complete the ICLE courses in Skills and Methods and a course in law office management approved by the Office of Attorney Ethics, the courses to be completed on a schedule to be determined by the Director of the Office of Attorney Ethics; and it is further

ORDERED that following her reinstatement to practice, respondent shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics and shall submit to the Office of Attorney Ethics quarterly reconciliations of her attorney accounts, for a period of two years and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15.) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC*

8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.